A. S. ALOE & Co., Plaintiff and Appellee, *v.* DÁMASO TALAVERA, Defendant and Appellant.

No. 8146. Argued March 4, 1940.—Decided March 5, 1940.

*Gaspar Gerena Bras* for appellant. *Alfonso Miranda Esteve* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A. S. Aloe & Co., sued Dámaso Talavera in the Municipal Court of Utuado and got a judgment for $319.67 and costs.

The defendant appealed to the District Court of Arecibo but as he failed to apply for the inclusion of his case in the calendar after the record was filed, the plaintiff and appellee moved for the dismissal of the appeal which was dismissed by the court on February 12, 1940.

The defendant and appellant in the district court, upon being notified, appealed to this court, and the plaintiff and appellee, having been served with notice of the appeal, moved for its dismissal as frivolous, on February 21, last, which motion was heard on the 4th of the current March.

The appellant opposed the dismissal in a written motion on the ground that "as the transcript of the record and of the evidence was being prepared" this court was not "in a position to determine with the record before it whether or not said appeal was really frivolous inasmuch as there are involved important jurisdictional questions which it shall not be able . . . . to determine without a careful examination of the record." He fails to specify "the important jurisdictional questions" referred to. He failed to appear at the hearing of the motion.

■■■■ The appeal is clearly frivolous. The decision appealed from literally transcribed reads as follows:

"The motion to dismiss the appeal was called for hearing at which the mover only appeared, and it appearing from the record and the testimony of the secretary that the record in the present case was filed in this court, on appeal, on September 25, 1939, and that the appellee (sic) failed to apply for its inclusion in the civil calendar for December, therefore, in accordance with the law regulating appeals from judgments of municipal courts to district courts in civil cases, the appeal in the present case is dismissed, as moved for by appellee."

In *Manrique* v. *Court,* 48 P.R.R. 600, this court, construing and applying the law on the matter—Act No. 31 of 1939, section 3—relying on the jurisprudence established in *Marrero* v. *Muller,* 35 P.R.R. 339, and ratified in *Morales* v. *Court,* 35 P.R.R. 835, and *Guerra* v. *Carrión,* 47 P.R.R. 757, stated and held, transcribing from the syllabus, as follows:

"Where the record of an appeal from a municipal court is filed in the district court, if the appellant remains inactive and does not request the inclusion of the case in the calendar or docket, at the first hearing thereof, the appeal must be dismissed.

"Section 3 of Act No. 31 of 1934 (Sess. Laws, p. 292), in so far as it provides the dismissal of appeals taken from municipal courts where the appellants fail to request, in the district court, the inclusion of the causes in the docket or calendar, at the first reading thereof, is mandatory. The fact that the judge sets the cases in chambers, instead of doing so at a public hearing, cannot render this mandatory statutory provision ineffective."

From the foregoing, the motion must be granted and the appeal, therefore, dismissed.